*[handwritten:]* Joaquim Hugo Jensen
5658 lime Ave
Long Beach CA
90805
714- 589-0859

# UNITED STATES DISTRICT COURT
## OF THE
### CENTRAL DISTRICT OF CALIFORNIA.

*[handwritten/stamp:]* FILED 2017 JUN 30 PM 4:14

*[stamp:]* U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES

Case No. LOS ANGELES

BY: _____

Joaquim Hugo Jensen, in his individual capacity, }
as Grantor/Trustee of the Jensen-Nunez Family Trust, }
Corporator, Relator on behalf of Taxpayors, }
Complainant. }

Vs.

*[handwritten:]* CV17-4856 - DSF (JCX)

E.R.C.S.W. Sylvia Lopez in her individual and official capacity and all similarly situated ,
C.S.W.3 - Cindy Cruz in her individual and official capacity and all similarly situated,
S.C.S.W.- Melissa Pahanaa in her individual and official capacity and all similarly situated,
C.S.W.1 - Elizabeth Rodriguez in her individual and official capacity,
Dept. of Children and Familhy Services,  As acting Director - Brandon T. Nichols,
Los Angeles County Board of Supervisors: Hilda Solis, Mark Ridley-Thomas, Sheila Kuehl, Janice
Hahn, Kathryn Barger – in their individual capacities
The California Department of Social Services (CDSS) director, Will Lightbourne.
Mariella Ayllon a resident of Orange County,
Cory Jensen a resident of Orange County,
Jarrod Jensen a resident of Sacramento County,
Melissa Jensen-Nunez in her individual capacity,
Sara Liebowitz in her individual capacity,
Maryam Vahabzadeh in her individual capacity,
Jackie Lacey in her individual capacity,
Rebecca Siporen in her individual capacity,
Mercedes Akounou in her individual capacity,
Veronica MacBeth in her individual capacity,
Karina Betancourt-Nunez a Honduran National and non-resident alien of Los Angeles,
Yina Ponce-Nunez a Honduran National and non-resident alien of Los Angeles,
Bryan Correa-Nunez a Honduran National and non-resident alien of Los Angeles,
Lakewood Police Department, a municipal corporation/agency of Los Angeles County,
Long Beach Police Deparment, a municipal corporation/agency of Los Angeles County,
Jerry Brown in his individual capacity.

To the Honorable District Court Justice, sitting in equity for this U.S. Judicial District on the
County of Los Angeles, CA.

**Complainant respectfully shows to the court that,**

pg 1/16

### *The Jurisdictional Clause.*

CORPUS JURIS SECUNDUMJS - BOOK 90 - Trusts,  Section 454 (b) -  " The law is well settled that a court of equity has jurisdiction of all questions relative to the establishment, enforcement, and protection and preservation of a trust on real or personal property, especially where the rights or interests of minors are involved. While it has been said that the trusts which equity enforces are mainly private trusts arising from contracts express or implied, all trusts are within equity's jurisdiction, whether express or implied, and irrespective of whether they are either direct or constructive, created by the parties or resulting by operation of law."

Article III section II of the U.S. Constitution GUARANTEES all here today that Jurisdiction of "all cases at law and In Equity" be had, and directs the Legislature on the delegation of such rights, powers of appointment and duties granted by it, via U.S.C 1331 and others, and without explicit language attempting to direct or regulate it otherwise, it is interpreted to presume equitable powers . Complainant makes grant of Such powers as well, and has no remedy at law.

**Complainant now respectfully shows to the Court that,**

**1.**

In the summer of of 2015, complainant Joaquim Hugo Jensen and defendant Melissa Jensen-Nunez, settled and agreed to merge Estates in matrimony privately, and upon doing so, issuing at least 2 heirs and/or heiresses for the benefit of the Jensen-Nunez Family Trust and Granting the names C. Juliette Jensen, and, S. Melissa Jensen if heiresses, and if heirs to be gifted /issued a Name at a later time , carrying on the Jensen family Name. The irrevocable Marriage Settlement, an executory agreement, dictated that Each party execute the creation of a private express Trusts for the benefit of the Jensen-Nunez Family Trust; and that

said agreement, and all its attachments, rights/choses in action, powers, and duties - to be the

Trust Res property of the Jensen-Nunez Family Trust for the Benefit of its Beneficiaries as

declared and settled in the private writings. See **exhibit A** attached  herein by reference.

**2.**

On May 18th 2016,  Respondent Melissa Jensen-Nunez Delivered an Heiress as agreed- into the

possession of Complainant Joaquim Jensen as Trustee on behalf of the Jensen-Nunez Family

Trust.  See exhibit **B** attached herein by reference.

**3**.

On May 19th Respondent Melissa Jensen-Nunez Refused to Execute in Attaching the Name as

agreed to the requisite Declarations and  Certificates and became inexplicably combative.  See

exhibit **C** attached herein by reference.

**4.**

On May 21st Respondent Melissa Jensen-Nunez returned to domicile  and continued to be

combative and unresponsive and refused to execute further.  Complainant Father did not slumber

on his right to the execution of the marriage settlement and petitioned the court for assistance 10

days later, following the Court Holiday observances, but may have made a procedural mistake

being unfamiliar with the California State courts regarding the merger of Law and Equity

procedures, as many are to this day,  but comes now correctly invoking the equity side of the

Court.   See Exhibit **D** attached herein by reference

**5.**

On or about May 22nd Complainant attempted to correct the Declarations lodged with the

Hospital where said Heiress was born but arrived to find that a staff member had prematurely

sent the documents to the successor departments.  Respondent-Melissa Jensen-Nunez  proceeded

to deprive Complainant Joaquim Jensen, -from here on referred to as "Complainant" -,  of certain

legal rights, interests and duties, and, calling on a suspected substance abusing nephew to

transport  heiress to her first doctors' appointment.  Complainant gave notice of such trespasses

to Melissa Jensen-Nunez and that was when the Nephew defendant Bryan Correa-Nunez lobbed

his first of several Threats and insults over this  and later periods of time.  Later that same day

Complainant received a voicemail message from defendant -Mariella Ayllon- stating her intent

to call police and make false allegations that Complainant was making threats, after being

manipulated by a combative Respondent-Melissa Jensen-Nunez. See **Exhibit E** Attached herein

by reference.

**6.**

On or about June 1st , Complainant petitioned the Family court of Los Angeles county in the

nature of a bill of peace/declaratory relief,  regarding an order to secure the Cestui que Trust,

without dissolving the relations, rather regarding the rights of said heiress to a 50/50 possession

between the 2 interested parties, the respective Trustees. The circumstances at the time

permitted Equality as Equity , -  Complainant and Respondent- Melissa  on the same

residential plot with multiple leaseholds 6 ft. apart in a duplex, one of which was sub-leased,

another Occupied by the Trust, that arrangement has since been destroyed by the actions or lack

there of by defendant Sylvia Lopez. See **Exhibit F** Attached herein by reference.

**7.**

On or about June 9$_{th}$, after Further deprivations of rights to the high duty of Father-Trustee, and

the beneficial interests without any reason or process for approx. 20 days, Complainant filed an

emergency ex parte hearing in consideration of the deprivations, and the fact that the 11 yr old

Heir of mother-defendant was being witness to such malicious acts. Respondent-Melissa in

frivolous retaliation attempted to get a restraining order the same day and was denied.

**See Exhibit G** Attached herein by reference.

**8.**

On or about June 11, defendant Mariella Ayllon, Complainant's biological Mother,-according to statements in the record of the juvenile court and filed with this court as an exhibit; after conferring with complainants' estranged Father-defendant-Cory Jensen, and, estranged Brother defendant-Jarrod Jensen , called police and made criminally false reports that Complainant threatened to kill defendant- Mariella Ayllon , respondent- Melissa Jensen-Nunez, and Heiress. Police searched complainants' home looking for a gun and found nothing and concluded their investigation in Approx. 20 minutes. Complainant received text messages from confederate defendant-estranged father- Cory Jensen stating antagonistically, " WE will Love her and you won't" referring to himself and his confederates and their fraudulent attempts to deprive complainant. Any truly concerned individual such as defendant-Cory Jensen would have called police in truly exigent circumstances,  rather than hold a conference with co-defendants. See **Exhibit H** Attached herein by reference.

**9.**

On or about June 13th, Sylvia Lopez E.R.C.S.W. contacted complainant and requested a meeting in person the following day June 14th to dispense with the benefits of a thorough investigation per her mandate as agent to the County-principal for the benefit collectively of The Jensen-Nunez Family Trust. Complainant met and, trying to seek equity , did equity, and granted information in trust and reliance upon ERCSW Sylvia Lopez even though the DCFS has a reputation for lying in court and destroying families.  Granted Information included, but not limited to, the information regarding the voicemail from defendant-Mariella expressing her intent to make false allegations, and the estranged extended family members who Sylvia Lopez used as hostile negative witnesses later, and all of which  were retracted or stricken after a 2nd

"investigation". Any reasonable thorough investigation would have discovered that , as well as

other exculpatory evidence, such as: complainant having just finished a dinner with his younger

 sister ,who, later was approved as a temporary monitor-in lieu of DCFS monitors, and

whom should have been interviewed - and statements taken from- had Sylvia Lopez intended to

Complete her Performance, rather than taking statements from the several estranged hostile

family members; thereby trespassing in her individual capacity on The Jensen-Nunez Family

Trust, and failing to perform the thorough investigation ,and being without any supervision, per

the arrangement and terms of the grant by the Federal Govt., for the benefit of beneficiaries, of

which are we the People. See **Exhibit I** Attached herein by reference.

**10.**

On June 15th , Complainant acquired a drug test - u/a , and delivered it to Sylvia Lopez in good

faith and reliance upon for the purpose of nullifying anticipated misleading statements by hostile

estranged family members that might lie and impede on the ability to fulfill their duties of a

thorough good faith investigation. The test came back negative for illicit drugs use, but Sylvia

Lopez , Her supervisor confederate, and Rebecca Siporen decided to File drug related charges

anyway, subverting Complainants acts of Protection of the Trusts as intended, and proceeded

to abscond with, or convert complainants equitable and legal interest and property via Trespass.

Sylvia Lopez , secondarily violated federal statute when utilizing NCIC database for these

fraudulent purposes, and any gender Equality Protection clauses relative to her employment

directives. See **Exhibit J** Attached herein by reference.

**11.**

On June 17th, Sylvia Lopez had her co-worker serve court documents for the removal of

a "Juliet Nunez" an unknown name, from 2 unknown persons , with unknown addresses not

belonging to Complainant or Respondent Melissa Jensen- Nunez, and forcing her- respondent to

comply under threat of taking certain Trust property if Melissa-Respondent didn't alter her domicile location to an un-disclosed location, creating what might be a transportation issue in the future. The Order - obtained fraudulently -deprived complainant and beneficiary of property- the beneficial attached rights held in Trust, as well as, it was in violation of any kind of substantive due process that E.R.C.S.W. Sylvia Lopez is bound to perform; Meanwhile fraudulently converting and creating secondary/derivative rights in G.A.L. and other agents of the inferior Juvenile court. In addition, the removal order and notice stating that there was a court date on June 22nd for unknown persons at unknown addresses - left complainant unsure of what was happening, besides a trespass of The Family Trust. Complainant even attempted to inform ERCSW Supervisors for 25 minutes but was met with incompetence and aggression. **See Exhibit K** Attached herein by reference.

**12.**

On June 20th, Sylvia Lopez contacted Complainant to mislead him, meanwhile acknowledging the procedural due process violations taking place, and to try to take and convert private proprietary information to cash for "everyone" by fraudulently qualifying individuals for Govt. benefits . Complainant trusted ERCSW again and acted as advised. See **Exhibit L** Attached herein by reference.

**13.**

On June 22nd, Complainant specially appeared to object to jurisdiction in the Juvenile court due to the fraud -both intrinsic and extrinsic taking place, and the impropriety of parties due to The Jensen-Nunez Family Trust being the real party in interest. In a statement by defendant Yina Ponce – Nunez filed in the DCFS Petition - she stated that Joaquim Jensen broke her car or house window which did not happen, Afterward, Complainant called ERCSW

Sylvia Lopez to confront her on her asinine perjured court petition and misleading bad faith acts
and recorded her confessing that Complainant was "kinda" receiving equal protection under
the Law and that she did intend to embezzle and defraud the Govt. and complainants' family
Trust, and abscond with complainants family trust property i.e. private family interest/rights
etc. **when she stated - in the context of forcing Complainant to submit to jurisdiction of the
juvenile court-,** "....**Look, does everyone need to get Paid, Yes**". Several days later the case
was assigned to CSW3 Cindy Cruz to execute upon the misappropriated orders of the juvenile
Court. Cindy Cruz, as well Director Phillip Browning were given notice of Claim
against ERCSW Sylvia Lopez regarding her recorded confession. Sylvia Lopez has been
employed by the County for 14 years and investigated over 6000 cases demonstrating a pattern
and practice of employing unsupervised agents inclined to fraudulently qualify any person they
feel like in order to gain funding and payment via  Social Security Administration -title IV/ the
Adoptions and Safe Families Act. The State of California Through its Trustee  Jerry Brown, and
the Counties' continuing decision to derive its source funding from said Act of the U.S  is in part
responsible for the deprivations named herein.  **See Exhibit M** Attached herein by reference.

**14.**
On or about July 11th , complainant appeared specially to object to the jurisdiction of the
Juveniles court, to preserve and protect the beneficial interest of the Family Trust that may have
still existed and hadn't yet been destroyed, to impeach the petition and Guardian Ad Litem's
performance or lack thereof - by informing the Juvenile court of the breach of confidence that
had taken place at the prior hearing, and the improper slovenly notices of which complainant
was denied the opportunity to deposit with the court;  as well as the clear and convincing
evidence of  Fraud that would have nullified all witness statements,  but it was  immediately

rejected by Veronica Macbeth, who then approved everything that the "agents" of the court put forth. The Confidential information delivered by Rebecca Siporen was locations of Hieress and Melissa Jensen-Nunez, the case file was given to the fraudulently alleged homicidal- drug addicted- mentally-ill-abuser defendant of that case – Joaquim Jensen- Complainant herein; constituting further deprivations of unalienable rights i.e. to be secure in her persons and effects by Jensen-Nunez Family Trust without being seized or endangered; as well as, a forfeiture of any bonds attached per Rebecca Siporen. No action was taken by G.A.L. Sara Liebowitz or the court Referee, or Maryam Vahabadeh -the assigned attorney for Melissa Jensen-Nunez. The defendant Sara Liebowitz and defendant Maryam Vahabadeh still maintained an action for a frivolous restraining order against Complainant Father however, in bad faith, and presumably wanting to "get paid" as defendant Sylvia Lopez indicated, and, despite that fact that nearly all statements in the original petition were retracted by so-called witnesses, and accusations of making death threats were stricken by motion of County Counsel- Rebbecca Siporen. The Court Referee - Veronica Macbeth abused discretion, and misappropriated funds through conversion. See **Exhibit N** Attached herein by reference.

**15.**

Complainant filed a timely appeal, intended in the nature of a writ of Habeas Corpus/Mandate approximately 8 days later, intending to invoke the Equity jurisdiction , that being a 2nd attempt and in the State court, but due to incompetence of the Assigned Appellant attorney – had at the legal advisement of Veronica Macbeth, was fruitless. Complainant continued to make his case and prepare for this Suit. Constructive and actual Notice was given to defendant/respondents Rebecca Siporen, Mercedes Akounou, and Jackie Lacey as her principal, on 2 separate occasions via Registered and ceritifed delivery, special deposit (DOCUMENT NUMBER: 59073130002, FILING NUMBER:

17-7564776272) received by Jackie Lacey (Registered mail #RR761599539US)   April 7th.   See **Exhibit O** attached herein by reference.

**16.**

On or about Jan. 6th , CSW3 Cindy Cruz  Submitted more fraudulent malicious Reports to the courts despite being given notice of trespass, and then refusing to listen to the audio recording of ERCSW Lopez, stating her "loyalty was to DCFS and her co-workers",  She was reported to DCFS management and her trainee – C.S.W.1 Elizabeth Rodriguez was assigned.   See **Exhibit P** Attached herein by reference.

**17.**

On Jan 30 Complainant received a letter from the Long Beach police dept. stating complainant is now being investigated for a Restraining order violation related to the fraudulently acquired restraining order from the Juvenile court. See **Exhibit Q** Attached herein by reference.

**18.**

On or about May 1st  Complainant was contacted by phone by SCSW Melissa Pahanaa and told of an ex parte hearing to be held on May 3rd to further maliciously convert the interests of the Jensen-Nunez family  Trust by reducing the  labor of her CSW's per visitations reductions down to 1 a month.  Complainants heiress  1st birthday was 2 weeks away and thereby missed, the frivolous hearing itself being on Complainants birthday as well was very hurtful and damning. County Counsel - Mercedes Akounou , maliciously prosecuted a frivolous petition stating that unrelated parties- Defendant Karina Betancourt-Nunez -  had made statements to CSW1 Rodriguez, and the Court Referee Veronica Macbeth approved the unverified ex parte petition, contrary to all Equity, and in spite of Complainants giving Notice of trespass again, and of tutorial interests in the guitar lessons being disbursed with by Complainant to cestui que trust regularly.  The petition included 2 different contradictory methods of service, and were both

signed by both CSW1 Elizabeth Rodriguez and SCSW Melissa Pahanaa, prima facie evidence of

fraud.  See **Exhibit R** Attached herein by reference.

### Complainant therefore prays that,

1.
Defendants/Respondents be summoned to answer fully as to performance failures and bring all

private Writings, notices,and Special Deposits delivered to them in confidence by Complainant.

2.
 A decree for the establishment of the Jensen-Nunez Family Trust as regarding Complainants'

right to what ought to be done- ...being done, and imputing an intention to fulfill an obligation

upon Respondent Melissa Jensen-Nunez via a compulsion to execute in her duties to disburse

Trust benefits to the beneficiaries  as settled in the Marriage settlement in 2015, and the return

and maintenance of that status quo,  for the Jensen-Nunez Family Trust, or, forfeit any legal titles

and assign beneficial interest through the proper private process, thereby putting Complainant in

full possession and vesting full legal title of the Jensen-Nunez Family Trust Res – Chelsea

Juliette Jensen, and all attachments.

3.
That Rebecca Siporen, Mercedes akounou , Sara liebowitz, Maryam Vahabadeh, Jackie Lacey

and  Veronica Macbeth or any of her successor fiduciaries/assigns, be restrained

IMMEDIATELY from proceeding further at law  regarding the further prosecution of

matters described herein, as well as case #DK17994, without leave of this court or other court of

competent, non-statutory, equitable jurisdiction; and that, specifically  due to the

equitable waste taking place, that the restraining order associated with case# DK17994 be

dissolved IMMEDIATELY,  before  the Jensen-Nunez Family Trust and the Natural affection

interests held by Complainant Trustee , is fully diminished; every day is  irreparable.

Or, To prevent a multiplicity of suits, that the State courts proceedings be enjoined and/or abated, vacated, reversed, set aside, whatever is necessary in the interest of Equity and Justice.

4.
That THE STATE OF CALIFORNIA through its Governor, Jerry Brown, or his successors, or any of its partner or subsidiary corporations, Treasury Depts. or Brokerages, LOS ANGELES COUNTY / DEPARMENT OF CHILDREN AND FAMILY SERVICES (DCFS), The California Department of Social Services (CDSS) , Director, Will Lightbourne.

their D.B.A.'s , their current or successor Directors and any agents thereto - be restrained from any further USE of, or possession of attachments, chattels, and accounts/interest associated with:

JULIETTE NUNEZ, a.k.a. Chelsea Julliette Jensen
JOAQUIM HUGO JENSEN ,
Melissa Jensen - Nunez,
Jose Julian Correa - Nunez a.k.a. Julian Jose Jensen-Nunez

..for any purposes, including , the receiving of benefits or funds, reimbursements or monies/credits on behalf of the aforementioned parties/ property or interests of the Jensen-Nunez Family Trust, directly or indirectly from the U.S. SOCIAL SECURITY ADMINISTRATION per Title IV and the "adoptions and safe families" ACT, or any other foreign corporations, 501c3 charitiable organizations, or other creatures of Legislation, without prior Notice in writing from the Trustee of the Jensen-Nunez Family Trust directing so specifically, and without precatory language.

5.
That Sylvia Lopez be arrested from bonding in any and all manner, of holding any office of trust, as well as restrained from applying or attempting to acquire employment in above described area of Government and Social Work; as well as restrained from accessing any State or County Employee Benefit Pension permanently and the fund be absorbed/merged by its

creator/issuer/grantor, or pending an Audit and investigation of her actions and Accounts by the
appropriate external independent authorities. As well as the removal of Elizabeth Rodriguez ,
Cindy Cruz , and Melissa Pahanaa from Office or they be commanded to resign, and/or punitive
damages attached.

6.
That this court impose a constructive Trust upon property absconded with and held by
defendants and any of their assignee- agents/principals and confederates - per the return of  Trust
property, ,such as,  The Case file lodged with the Juvenile court and all interest proceeds and
derivatives attached , the high duty of maintenance of  heirs and heiresses and all the rights titles
and interest,  and attachments, and chattels of The Jensen-Nunez Family Trust fraudulently
taken, converted or misappropriated. A restoration and IMMEDIATE possession of Family Trust
issue and heiress.

7.
That a fund or restitution for the purpose of restoring the Jensen-Nunez Family Trust be created
and title vested with Joaquim Hugo Jensen as Trustee of the Jensen-Nunez Family Trust, or,
compensatory/punitive damages  in the amount 13 million dollars , or both.  That the market
value of a bus pass for 10 months, approx.. 500 dollars,  be set off against any fund or damage
award granted by this court, and returned to its issuer.

8.
That the defendants:

Mariella Ayllon,
Cory Jensen,
Jarrod Jensen and his wife Rachel Jensen-Kohler,
Karina Betancourt- Nunez and her Husband Renee Betancourt
Yina Ponce-Nunez and her Husband Poco Ponce,
and Bryan(Brian) Correa -Nunez the son of Yina Ponce-Nunez,

  ….. be permanently restrained from making any contact of any kind with Complainant and

Heiress Daughter - Chelsea Juliette Jensen a.k.a. JULLIETTE NUNEZ, until a Petition by

Complainant Joaquim Hugo Jensen in a court of competent jurisdiction, and that they be

equitably converted into Donors/contributors on the Trust restoration fund above mentioned, or,

appropriate punitive damages attached to them as well as other defendants.

9.
That this court order or mandate a criminal investigation be performed by  Law Enforcement

via  Jackie Lacey-  regarding Sylvia Lopez and the fraudulent activity described herein,

and to the appropriate Auditors  or receivers for a Full Accounting and Audit of ERCSW Sylvia

Lopez and her Employee client accounts within DCFS for other monies embezzled, stolen,

misappropriated or fraudulently converted.

10.
That the STATE OF CALIFORNIA and the L.A. COUNTY / BOARD OF SUPERVISORS be

restrained from indemnifying or paying any damages that might be granted or awarded by this

court against Sylvia Lopez or any other defendants.

11.
That the Long Beach P.D. be immediately restrained from enforcing or proceeding upon the

fraudulently petitioned restraining order from the juvenile court.

12.
That this case be sealed partially or in entirety and remain sealed due to its private nature.

13.
A jury be impaneled for the purpose of disposing of numerous hostile witness testimony.

14
That THE STATE OF CALIFORNIA in its capacity as Parens Patraei mandate all Childrens'

Social Workers(CSW's), or any successor or similar offices involved primarily with Children,

undergo periodic mental health screening, Civics training,  and require individual official Bonds

and oath of office. Effective immediately.

***Complainant prays for such further and other relief as the nature of the case may require and this court sees fit.***

*This is Complainants' first application for injunction.*

*AFFIDAVIT IN SUPPORT,*

For the State of California,

On the County of Los Angeles,


Joaquim Hugo Jensen makes oath that the statements in his forgoing bill – pages 1-16 including

this affidavit,  and all attachments,  as made of his own knowledge , are true;  as well as,

Certifies under penalty of  perjury as to such.

Joaquim Hugo Jensen, Complainant...

*Trustee for the Jensen-Nunez Family Trust.*

*5658 Lime Ave,  Long Beach, Ca 90805.*

DATE June 23, 2017   *Sworn and Subscribed:*

Officer:

Seal:

LATASHA KELLY FRAZIER-TRAMMELL
Commission No. 2120572
NOTARY PUBLIC-CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires AUGUST 4, 2019

pg 16/16

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

Joaquin Hugo Jensen, in his individual capacity, as Grantor Trustee of the Jensen-Nunez Familhy Trust, Corprator, Relator on Behalf of Taxpayors.

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
ERCCW
SYLVIA LOPEZ , CINDY CRUZ, ELIZABETH RODRIGUEZ in there individual and official capacities , KARINA BETANCOURT - NUNEZ NONRESIDENT ALIEN,YINA,NUNEZ et.al.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Los Angeles
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

**Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multidistrict Litigation - Transfer
☐ 8. Multidistrict Litigation - Direct File

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No  (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No    ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)
BREACH OF CONTRACT, FAILURE TO EXECUTE/ PERFORM.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 376 Qui Tam (31 USC 3729(a)) | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 400 State Reapportionment | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 835 Patent - Abbreviated New Drug Application |
| ☐ 410 Antitrust | ☐ 140 Negotiable Instrument | **TORTS** | | ☐ 530 General | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **TORTS** | ☐ 535 Death Penalty | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | | ☐ 310 Airplane | **PERSONAL PROPERTY** | **Other:** | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 370 Other Fraud | ☐ 540 Mandamus/Other | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 371 Truth in Lending | ☐ 550 Civil Rights | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | | ☐ 330 Fed. Employers' Liability | ☐ 380 Other Personal Property Damage | ☐ 555 Prison Condition | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | ☐ 385 Property Damage Product Liability | ☐ 560 Civil Detainee Conditions of Confinement | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | | ☐ 345 Marine Product Liability | **BANKRUPTCY** | **FORFEITURE/PENALTY** | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☒ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 690 Other | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | **LABOR** | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 440 Other Civil Rights | ☐ 710 Fair Labor Standards Act | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 441 Voting | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 442 Employment | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | | ☐ 443 Housing/ Accommodations | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 790 Other Labor Litigation | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 791 Employee Ret. Inc. Security Act | |
| | | | ☐ 448 Education | | |

| FOR OFFICE USE ONLY: | Case Number: | | | |
|---|---|---|---|---|
| CV-71 (05/17) | | CIVIL COVER SHEET | CV17-4856 | Page 1 of 3 |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes  ☒ No | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

**QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action?**  ☐ Yes  ☒ No

If "no," skip to Question C. If "yes," answer Question B.1, at right.

**B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.? *check one of the boxes to the right* →
- ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there.
- ☒ NO. Continue to Question B.2.

**B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* →
- ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there.
- ☒ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there.

**QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action?**  ☐ Yes  ☒ No

If "no," skip to Question D. If "yes," answer Question C.1, at right.

**C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.? *check one of the boxes to the right* →
- ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there.
- ☐ NO. Continue to Question C.2.

**C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* →
- ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there.
- ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there.

| QUESTION D: Location of plaintiffs and defendants? | A. Orange County | B. Riverside or San Bernardino County | C. Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |

**D.1. Is there at least one answer in Column A?**  ☐ Yes  ☒ No

If "yes," your case will initially be assigned to the SOUTHERN DIVISION. Enter "Southern" in response to Question E, below, and continue from there. If "no," go to question D2 to the right. →

**D.2. Is there at least one answer in Column B?**  ☐ Yes  ☒ No

If "yes," your case will initially be assigned to the EASTERN DIVISION. Enter "Eastern" in response to Question E, below. If "no," your case will be assigned to the WESTERN DIVISION. Enter "Western" in response to Question E, below. ↓

**QUESTION E: Initial Division?**  |  INITIAL DIVISION IN CACD

Enter the initial division determined by Question A, B, C, or D above: →  WESTERN. ▼

**QUESTION F: Northern Counties?**

Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties?  ☐ Yes  ☒ No

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court**?                           ☒ NO      ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court**?

☒ NO      ☐ YES

If yes, list case number(s): _____

**Civil cases** are related when they (check all that apply):

☒ A. Arise from the same or a closely related transaction, happening, or event;

☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☒ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☒ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☒ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X.  SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** _____      DATE: JUNE 23 2017

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

|  |  |
|---|---|
| Joaquim Hugo Jensen | |
| *Plaintiff(s)* | CV17-4856-DSF (Jdx) |
| v. | Civil Action No. |
| ERCSW Sylvia Lopez (see Attached) | |
| *Defendant(s)* | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

(See) (Attachment B)

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)*

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.


Date: _____            _____
                                                *Server's signature*

                                            _____
                                                *Printed name and title*

                                            _____
                                                *Server's address*

Additional information regarding attempted service, etc:

Attachment
A

United States District Court
for the
CENTRAL District of California

Joaquim Hugo Jensen in his individual        }
capacity, as Grantor/Trustee of the Jensen-  }          _____ case  #
Nunez Family Trust, Corprator, Relator on    }
on behalf of Taxpayors, Complainant          }
                                             }
                                             }
                    VS.                      }
                                             }

E.R.C.S.W. Sylvia Lopez in her individual and official capacity and all similarly situated ,
C.S.W.3 - Cindy Cruz in her individual and official capacity and all similarly situated,
S.C.S.W.- Melissa Pahanaa in her individual and official capacity and all similarly situated,
C.S.W.1 - Elizabeth Rodriguez in her individual and official capacity,
DEPT. OF CHILDREN AND FAMILY SERVICES,  As acting Director - Brandon T. Nichols,
LOS ANGELES COUNTY BOARD OF SUPERVISORS: Hilda Solis, Mark Ridley-Thomas, Sheila
Kuehl, Janice Hahn, Kathryn Barger – in their individual capacities
THE CALIFORNIA DEPARTMENT OF SOCIAL SERVICES (CDSS) director, Will Lightbourne.
Mariella Ayllon - a resident of Orange County,
Cory Jensen- a resident of Orange County,
Jarrod Jensen- a resident of Sacramento County,
Melissa Jensen-Nunez in her individual capacity,
Sara Liebowitz - in her individual capacity,
Maryam Vahabedeh-  in her individual capacity,
Jackie Lacy-  in her individual capacity,
Rebecca Siporen - in her individual capacity,
Mercedes Akounou - in her individual capacity,
Veronica MacBeth - in her individual capacity,
Karina Betancourt-Nunez- a Honduran National and non-resident alien of Los Angeles,
Yina Ponce-Nunez - a Honduran National and non-resident alien of Los Angeles,
Bryan Correa-Nunez- a Honduran National and non-resident alien of Los Angeles,
Lakewood Police Department, a municipal corporation/agency of Los Angeles County,
Long Beach Police Deparment, a municipal corporation/agency of Los Angeles County,
Jerry Brown - in his individual capacity.

*Summons in a Civil action in equity.*

To:  _____

                                                                              pg.1/2

Attachment for Defendants/respondents to summons

ß

E.R.C.S.W. Sylvia Lopez in her individual and official capacity and all similarly situated ,
C.S.W.3 - Cindy Cruz in her individual and official capacity and all similarly situated,
S.C.S.W.- Melissa Pahanaa in her individual and official capacity and all similarly situated,
C.S.W.1 - Elizabeth Rodriguez in her individual and official capacity,
DEPT. OF CHILDREN AND FAMILY SERVICES,  As acting Director - Brandon T. Nichols,
LOS ANGELES COUNTY BOARD OF SUPERVISORS: Hilda Solis, Mark Ridley-Thomas, Sheila
Kuehl, Janice Hahn, Kathryn Barger – in their individual capacities
THE CALIFORNIA DEPARTMENT OF SOCIAL SERVICES (CDSS) director, Will Lightbourne.
Mariella Ayllon - a resident of Orange County,
Cory Jensen- a resident of Orange County,
Jarrod Jensen- a resident of Sacramento County,
Melissa Jensen-Nunez in her individual capacity,
Sara Liebowitz - in her individual capacity,
Maryam Vahabzedeh-  in her individual capacity,
Jackie Lacy-  in her individual capacity,
Rebecca Siporen - in her individual capacity,
Mercedes Akounou - in her individual capacity,
Veronica MacBeth - in her individual capacity,
Karina Betancourt-Nunez- a Honduran National and non-resident alien of Los Angeles,
Yina Ponce-Nunez - a Honduran National and non-resident alien of Los Angeles,
Bryan Correa-Nunez- a Honduran National and non-resident alien of Los Angeles,
Lakewood Police Department, a municipal corporation/agency of Los Angeles County,
Long Beach Police Deparment, a municipal corporation/agency of Los Angeles County,
Jerry Brown - in his individual capacity.